IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01203-BNB

ELRADER BROWNING, JR.,

    Plaintiff,

v.

BLAKE DAVIS, Warden,
LOUIS MILUSNIC, Associate Warden,
MARK MUNSON, Associate Warden,
MARK COLLINS, Warden Assistant,
RUSS KRIST, Captain,
DAN SPROUL, Unit Manager, and
JEFF GEORGE, Discipline Hearing Off.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Elrader Browning, Jr., is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He filed *pro se* a Prisoner Complaint (ECF No. 1) apparently pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  He paid the $400.00 filing fee.

On June 5, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Browning to file an amended *Bivens* complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant.  On June 28, 2013, Mr. Browning filed an amended complaint (ECF No. 13) for money damages and injunctive relief.

The Court must construe liberally the amended Prisoner Complaint because Mr. Browning is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Browning will be ordered to file a second and final amended Prisoner Complaint if he wishes to pursue his claims in this action.

Although the amended complaint is not the model of conciseness and clarity, the Court has done its best to summarize Mr. Browning's allegations.  Mr. Browning asserts that he received an incident report on September 14, 2010, for refusing a program assignment.  Specifically, Mr. Browning refused to participate in the double-cell occupancy program in the step-down program by refusing to take a cell mate.  As a result of his conviction on the incident report, he received thirty days' loss of commissary and was removed from the step-down unit for one year.  He alleges he was returned to the general population until late September or early October 2010, when he was placed in the Special Housing Unit (SHU) for eighteen months.  He contends he was placed in the SHU without an incident report and because he is black.

He also alleges he received a second incident report, apparently for refusing to participate in the double-cell occupancy program, was convicted and received fifteen days of disciplinary segregation and ninety days' loss of telephone, commissary, and property, and that the conviction was dismissed, apparently after he served the fifteen days in disciplinary segregation, because he no longer was in the step-down unit.  On the basis of all these allegations, Mr. Browning contends Defendants conspired against him to violate his due process and equal protection rights (claims one and two) and

falsely imprisoned him (claim three) by holding him in the SHU longer than necessary. He asks for money damages and injunctive relief.

The amended Prisoner Complaint does not comply with the pleading requirements of Rule 8. Mr. Browning's amended complaint is verbose, repetitive, vague, disorganized, and requires the Court to piece together his allegations in an attempt to make sense of the amended complaint. For example, instead of concisely asserting facts that demonstrate the personal participation of each Defendant within the discussion of claim one, he creates separate subsections, divided by Defendant, under the heading of claim one, and makes confusing, piecemeal, and repetitive allegations in a wordy attempt to explain each Defendant's involvement in the asserted constitutional violations.

As Mr. Browning previously was informed in the June 5 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Browning again is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, in so doing, he should not repeat facts over and over, succeeding only in confusing the Court and Defendants as to his asserted claims.

It is Mr. Browning's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Browning must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendants be required to sift through Mr. Browning's verbose allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be

construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court again emphasizes that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Browning must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official, such as Warden Blake Davis, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a *Bivens* or § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Browning may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Browning uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Browning will be given a final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Elrader Browning, Jr., file, **within thirty (30) days from the date of this order**, a second and final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Browning shall obtain the Court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Browning fails to file a second and final amended Prisoner Complaint that complies with this order within the time allowed, the amended Prisoner Complaint and the action will be dismissed without further notice.

DATED July 8, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge