IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01203–MSK –KMT


ELRADER BROWNING, JR.,

     Plaintiff,

v.

BLAKE DAVIS, WARDEN
LOUIS MILOSNIC, ASSOCIATE WARDEN,
MARK MUNSON, ASSOCIATE WARDEN,
MARK COLLINS, WARDEN ASSISTANT,
RUSS KRIST, CAPTAIN,
DAN SPROUL, UNIT MANAGER, and
JEFF GEORGE, DISCIPLINE HEARING OFFICER,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

     This matter comes before the court on "Defendants' Motion to Dismiss" (Doc. No. 40

[Mot.], filed February 24, 2014).  Plaintiff filed his response on March 12, 2014 (Doc. No. 45

[Resp.]), and Defendants filed their reply on March 17, 2014 (Doc. No. 46 [Reply]).  This

motion is ripe for recommendation and ruling.

## STATEMENT OF THE CASE

     The following allegations are taken from Plaintiff's Complaint (Doc. No. 16 [Compl.],

filed August 9, 2013).  Plaintiff is an inmate in custody of the Federal Bureau of Prisons

("BOP") at the United States Penitentiary, Administrative Maximum ("ADX").  (*Id.* at 2.)

Plaintiff asserts that he, along with several other inmates who were housed in the last stage of the

step down program, refused to accept a cell mate, received incident reports for their refusal, and

were transferred to the special housing unit ("SHU").  (*Id.* at 5.)  Plaintiff alleges he was held in

the SHU without any review or due process.  (*See id.*)  Plaintiff also alleges he was discriminated

against because he remained in the SHU for 380 days, unlike two inmates of other races.  (*Id.* at

17.)  Plaintiff asserts claims for due process violations, retaliation and racial discrimination, and

false imprisonment.  (*See* Compl.)

Defendants move to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff's claims

asserted under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S.

388 (1971), are barred by the statute of limitations; (2) the Court lacks jurisdiction over the claim

asserted under the Federal Tort Claims Act ("FTCA"); (3) Defendants are entitled to qualified

immunity.  (*See* Mot.)

## LEGAL STANDARD

### *1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

3.      ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

4

means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.*  The *Iqbal* evaluation requires two

prongs of analysis.  First, the court identifies "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare

assertions, or merely conclusory.  *Id.* at 1949-51.  Second, the Court considers the factual

allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at

1950.

   Notwithstanding, the court need not accept conclusory allegations without supporting

factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted).  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949

(citation omitted).

## ANALYSIS

### 1.    *Statute of Limitations*

Defendants argue that Plaintiff's first and second claims should be dismissed as barred by the statute of limitations.  "A *Bivens* action is subject to the limitation period for an action under Title 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted).  In Colorado, the limitation on personal injury claims is two years.  *See* Colo. Rev. Stat. §§ 13-80-102(1)(a), (g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).

"Although state law establishes the statute of limitations, federal law determines when a plaintiff['s] federal *Bivens* claims accrued."  *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)).  "Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Van Tu*, 364 F.3d at 1199 (internal quotation marks and citation omitted).  *See also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) ("[F]or Bivens actions (the federal analogue to § 1983 claims), we have held that a claimant's cause of action accrues when the claimant knew or had reason to know 'of the existence and cause of injury which is the basis for his action.' ") (citation omitted).  "[I]t is not necessary that a claimant know all of the

evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

Defendants argue that Plaintiff's procedural due process claim accrued on September 14, 2010, when the BOP gave him an incident report, removed him from the step down program, and transferred him to the SHU. (*See* Compl. at 5.) Defendants also argue that the racial discrimination claim accrued on November 4, 2010, when Plaintiff alleges the "white and Spanish" inmates returned to the ADX general population. (*Id.* at 6.)

The court agrees with the defendants that Plaintiff's claims accrued on September 14, 2010, and November 4, 2010, respectively—the dates Plaintiff "kn[ew] or has reason to know of the existence and cause of the injury which is the basis of his action." *Van Tu*, 364 F.3d at 1199. In response to the motion, Plaintiff argues that his procedural due process claim accrued on May 17, 2011, when he received an administrative remedy response regarding his claims. (Resp. at 3.) However, Plaintiff's unilateral action, *i.e.*, filing an administrative remedy with the BOP, does not alter the underlying nature of the claim. *See* Colo. Rev. Stat. § 13-80-102(1) (creating a two-year limitation period "regardless of the theory upon which suit is brought"); *see also Baker*, 991 F.2d 632 (holding that a plaintiff may have knowledge of an injury even if he is unaware of all of the evidence ultimately relied on for his cause of action); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (holding that a plaintiff need only have "sufficient notice" not "unequivocal notice" for statute of limitations to accrue).

Therefore, because the claims accrued in September and November 2010, Plaintiff had to file his action within two years or by September and November 2012 respectively. Plaintiff did not file this action until May 6, 2013 (Doc. No. 1), and thus this claims are untimely.

Accordingly, Plaintiff's Claims One and Two properly are dismissed.

**2.      *Jurisdiction over FTCA Claim***

Defendants also argue this Court does not have jurisdiction over Plaintiff's false imprisonment claim.  (Mot. at 4-5.)

Timeliness of a lawsuit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and "the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in [28 U.S.C. §] 2401(b)."  *Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004); *see also United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (the statute of limitations provided in § 2401(b) is strictly construed because the FTCA "waives the immunity of the United States"). Tort claims against the United States are barred unless presented to an appropriate federal agency within two years of the claim accruing and filed within six months after the agency's denial of the claim.  *See, e.g., Franklin Savings Corp.*, 385 F.3d at 1287.

Defendants argue that Plaintiff did not plead that he presented his false imprisonment claim to the appropriate federal agency before filing this action.[1]  (Mot. at 5.)  "Because the timely filing of an administrative claim is a jurisdictional prerequisite to bringing suit, it should be alleged in the complaint, and failure to plead this jurisdictional prerequisite in the complaint is proper grounds for dismissal."  *Coffman v. United States*, No. CIV-07-00346-F, 2007 WL 2729366, at *2 (W.D. Okla. Sept. 19, 2007) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th

---

[1] As a side note, the Supreme Court ruled in *Jones v. Bock*, 549 U.S. 199 (2007), that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Bock*, 549 U.S. at 216.  This court has not found any law applying the ruling in *Bock* to FTCA claims, however.

Cir.1980); *Bush v. F.D.I.C.*, 999 F.2d 547, 1993 WL 262591, at \*2 (10th Cir. July 8, 1993)

(quoting *Gillespie*, 629 F.2d at 640)).

      In his response to the motion to dismiss, Plaintiff states that he "served notice on the BOP

with the Government Standard form 95" by certified mail on July 22, 2011.  (Resp. at 11.)

However, Plaintiff fails to attach a copy of the form.[2]  The burden of establishing subject matter

jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.  Accordingly,

Plaintiff bears the burden of establishing that this court has jurisdiction to hear his claims.

Plaintiff has failed to satisfy this burden.

      Accordingly, Plaintiff's FTCA Claim Three for false imprisonment properly is denied for

lack of jurisdiction.

      **WHEREFORE**, for the foregoing reasons, the court respectfully

      **RECOMMENDS** that "Defendants' Motion to Dismiss" (Doc. No. 40) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

      Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

---

[2] Interestingly, Plaintiff attaches copies of most other documents to which he refers in his
Complaint and his response to the Motion to Dismiss.  (*See* Compl. at 22-27; Resp. at 14-15.)

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

　　　　Dated this 12th day of August, 2014.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Kathleen M. Tafoya
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge