**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01203-MSK-KMT

**ELRADER BROWNING, JR.,**

    Plaintiff,

v.

**BLAKE DAVIS, Warden;
LOUIS MILUSNIC, Associate Warden;
MARK MUNSON, Associate Warden;
MARK COLLINS, Warden Assistant;
RUSS KRIST, Captain;
DAN SPROUL, Unit Manager; and
JEFF GEORGE, Discipline Hearing Officer,**

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

**THIS MATTER** comes before the Court on the Recommendation (**# 50**) by the Magistrate Judge that the Motion to Dismiss (**# 40**) filed by Defendants Blake Davis, Louis Milusnic, Mark Munson, Mark Collins, Russ Krist, Dan Sproul, and Jeff George, be granted. The Plaintiff, Elrader Browning, Jr., filed objections (**# 51**) to the Recommendation, to which the Defendants responded (**# 52**).

### I. Background

The Court summarizes factual allegations contained in the Amended Complaint (**# 16**). Elrader Browning Jr. is a federal inmate at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. On September 14, 2010, Mr. Browning was in the

"step-down program" at ADX.[1] He refused to accept a cellmate, received an incident report, and was moved to the special housing unit ("SHU") at ADX.

Two other inmates, one white and one "Spanish," also refused to accept cellmates and were moved to the SHU. Both left the SHU in November 2010. Mr. Browning, however, remained in the SHU. He submitted a Request for Administrative Remedy regarding his confinement in the SHU, which ADX received on April 13, 2011. In a response dated May 12, 2011, the warden denied the Request. Mr. Browning was held in the SHU until September 29, 2011.

In May 2013, Mr. Browning filed suit against Defendants, various individuals he alleges were involved in, or otherwise responsible for, his detention in the SHU. His amended complaint contains three claims seeking money damages. Defendants subsequently filed a motion to dismiss, which was referred to the Magistrate Judge.

The Magistrate Judge recommended that the motion to dismiss be granted. The Recommendation concludes that the statute of limitation bars Mr. Browning's first two claims, made pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Recommendation analyzed the third claim pursuant to the Federal Tort Claims Act ("FTCA"), and determined that the Court lacks jurisdiction over the claim. Mr. Browning filed a Motion for Reconsideration (**# 51**), which the Court construes as objections to the Magistrate Judge's recommendation. The Defendants filed a response (**# 52**).

---

[1]   "ADX has a stratified system of housing inmates known as the 'step-down program.' If an inmate meets certain criteria, he is eligible to be removed from the general prison population ('General Population') and to progress through various 'units' that feature decreasing levels of restriction: Intermediate (J–Unit), Transitional (K–Unit), and Pre–Transfer (D/B Unit). An inmate who successfully progresses through the Pre–Transfer Unit may be transferred out of ADX to another, less restrictive BOP facility."

*Deberry v. Davis*, 460 F. App'x 796, 797 (10th Cir. 2012) (unpublished).

## II.   Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court must make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.1996).

The Court is mindful of Mr. Browning's *pro se* status and, accordingly, construes his filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Such liberal construction, however, is intended merely to overlook technical formatting errors and other defects in the use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). *Pro se* status does not relieve Mr. Browning of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

## III.   Analysis

The Court has carefully reviewed the Recommendation and Mr. Browning's objections to the recommended resolution of his claims. Upon *de novo* review, the Court reaches the same conclusion as the Magistrate Judge, and finds the objections to be without merit.

### a.   Statute of Limitation

Mr. Browning contends that the Magistrate Judge erred in determining the dates upon which his *Bivens* claims accrued. The statute of limitations on a *Bivens* claim begins to run when

the plaintiff knows or has reason to know of the existence and cause of the injury that forms the basis for the lawsuit. *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Plaintiffs do not need to know the full extent of their injuries before the statute of limitation begins to run. *Id.*

Mr. Browning's first claim alleges that he was held in the SHU without due process. The Magistrate Judge concluded that the claim accrued on September 14, 2010, when Mr. Browning was given an incident report and transferred to the SHU. Mr. Browning objects that he did not know why he was being held in the SHU, and thus whether he could challenge his stay in the SHU through suit, until he received a response to his Request for Administrative Remedy in May 2011. Mr. Browning contends that he could not proceed with the suit until he received the response and that his claim could not accrue until that point.

*Kripp v. Luton*, 466 F.3d 1171, 1175-76 (10th Cir. 2006), is helpful to the Court's analysis. In *Kripp*, the plaintiff alleged that the defendants illegally searched and seized his property. *Id.* at 1174. The Tenth Circuit concluded that the district court "properly" determined that the plaintiff's claim accrued "when the police seized his tools." *Id.* at 1175. "At the very latest," the court said, the "claim would have accrued several months later," when the plaintiff "filed for return of his property." *Id.* at 1175-76. By extension, the Magistrate Judge was correct that Mr. Browning's due process claim accrued when he was given an incident report and transferred to the SHU. Similarly, at the very latest, the claim accrued on April 13, 2011, when ADX received Mr. Browning's Request. Even assuming that later date applies, the two-year statute of limitation bars Mr. Browning's claim in this suit filed in May 2013.

With regard to Mr. Browning's second claim, an equal protection claim premised on the allegation that Mr. Browning remained in the SHU significantly longer than two similarly-situated inmates, the Magistrate Judge found that the claim accrued on November 4, 2010. According to the complaint, a white inmate was removed from the SHU on November 4, 2010, and a "Spanish inmate" was removed the same month. In his response to the motion to dismiss and in his objections, Mr. Browning seems to suggest that there were additional inmates in SHU, and thus he could not have been aware of his racial discrimination claim in November 2010. However, Mr. Browning's complaint states that there were two similarly-situated inmates in the SHU, and they were removed from the SHU in November 2010. Thus Mr. Browning had reason to know of the existence and cause of the injury which form the basis of his claim in November 2010, more than two years before he filed his initial complaint. *See Van Tu*, 364 F.3d at 1199. The statute of limitation also bars Mr. Browning's second claim.

### b. Subject Matter Jurisdiction

The Magistrate Judge recommended dismissal of Mr. Browning's third claim for failure to establish that the Court has jurisdiction to hear the claim. The Magistrate Judge properly construed Mr. Browning false imprisonment claim as asserted under the FTCA, because an action against the United States under the FTCA provides the exclusive remedy for any injury caused by the negligent or wrongful acts of federal employees acting within the scope of their employment. *Woodruff v. Covington*, 389 F.3d 1117, 1123 n.6 (10th Cir. 2004); *see also* 28 U.S.C. § 2679(b)(1). Regardless of the parties' arguments and pleadings, the Court must satisfy itself as to its own jurisdiction. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Mr. Browning bears the burden to

show jurisdiction by a preponderance of the evidence.  *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc* ., 190 F.3d 1156, 1160 (10th Cir. 1999).

The FTCA provides a broad waiver of the United States' sovereign immunity.  *See Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013).  However, "failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Wexler v. Merit Sys. Prot. Bd.*, 986 F.2d 1432, 1993 WL 53548, at *2 (10th Cir. 1993) (unpublished table opinion); *see also Gaines v. Pearson*, 516 F. App'x 724, 726 (10th Cir. 2013) (unpublished).  Mr. Browning did not name the United States as a defendant in this suit.  Instead, he names only the individual defendants against whom he brought the *Bivens* claims.  The Court therefore lacks jurisdiction over Mr. Browning's false imprisonment claim.

Moreover, a district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to present the relevant claim to the appropriate federal agency within two years of the claim's accrual and to file suit within six months after receiving notice of denial of the claim by the agency.  *Franklin Savings Corp. v. United States* (*In re Franklin Savings Corp.*), 385 F.3d 1279, 1287 (10th Cir. 2004); *see also* 28 U.S.C. § 2401(b).

In the response to the motion to dismiss, Mr. Browning stated that he sent his claim on the relevant form to the Federal Bureau of Prisons ("BOP") with a ten-page outline of the claim on July 22, 2011.  After filing his objections to the Recommendation, Mr. Browning also filed a letter (**# 53**) with the Court, with a copy of a Department of Justice form entitled "Claim for Damage, Injury, Or Death."  Mr. Browning's signature on the form is dated July 11, 2011.  Even assuming, however, that the presentation of the Form as attached to the letter – which does not contain the ten-page outline – is sufficient to establish that Mr. Browning presented the claim to the BOP, there has been no allegation that the BOP denied the claim or that Mr. Browning filed

this lawsuit within six months after the date of mailing of the notice of denial. *See In re Franklin Savings Corp.*, 385 F.3d at 1287. The Court lacks subject matter jurisdiction over the FTCA claim.

**IV.     Conclusion**

For the foregoing reasons, the Court **OVERRULES** Mr. Browning's objections (**# 51**) and **ADOPTS** the Recommendation (**# 50**). The Court **GRANTS** the motion to dismiss filed by the defendants (**# 40**). The Clerk of the Court shall close this case.

Dated this 25th day of September, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge